[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
BY THE DIVISION
Petitioner was tried by jury on the charge of murder in violation of General statutes 53a-54 and was found guilty of the lesser included offense of manslaughter in the first degree in violation of General statutes 53a-55(a)(3) (reckless indifference). He received the maximum sentence of twenty years.
The facts underlying petitioner's conviction indicate that petitioner became involved in a fight with the victim. In the course of the fight petitioner produced a pistol and shot the victim in the head, causing his death.
Petitioner's attorney stated that the sentence was excessive under the circumstances and should be reduced. He noted that the maximum sentence was imposed and argued that the judge imposed a sentence for murder, a crime which petitioner had not been convicted. The attorney categorized the killing as petitioner's reaction to a violent assault. It was also pointed out that petitioner is in very poor health. Information presented to the sentencing judge indicated that petitioner suffers from lung disease, alcoholism, recurrent gut bleeding and AIDS.
His attorney also pointed out that petitioner's previous manslaughter conviction occurred when he was very young and drunk.
Speaking on his behalf, petitioner stated that he CT Page 11371 did not mean to hurt the victim.
The state's attorney argued that the sentence imposed was appropriate and should not be reduced. He stated that petitioner had exhibited a pattern of violent conduct from which the public should be protected.
The trial judge who had the opportunity to observe petitioner at trial, and to hear evidence of the crime, found that petitioner had a propensity towards violence which was enhanced by his use of weapons. This observation is confirmed by petitioner's criminal record which lists four convictions for offenses involving the use of firearms including the previous manslaughter offense.
In imposing sentence, the judge expressed sorrow that he was suffering from AIDS and that his time on earth was limited. Petitioner's situation was contrasted with the victim whose life had been terminated. The judge correctly stated that in imposing sentence he had a duty to protect the public from petitioner's violent conduct and the use of a firearm.
Considering all of the factors set forth in Connecticut Practice Book 942, it cannot be found that the sentence imposed was inappropriate, disproportionate or unduly harsh.
The sentence is affirmed.
Purtill, J.
Stanley, J.
Klaczak, J. CT Page 11372